

**ORDERED in the Southern District of Florida on August 21, 2019.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                          Case No. 18-17154-RAM
                                                                Chapter 11
SJKWD, LLC,

      Debtor.
_____/

### ORDER CONFIRMING DEBTOR'S AMENDED PLAN

THIS MATTER came before the Court in Miami, Florida on August 15, 2019 at 1:30 p.m. (the "Hearing") on the *Debtor's Amended Plan* [ECF 146] (the "Plan") proposed by SJKWD, LLC (the "Debtor" or the "Reorganized Debtor").

In connection with the confirmation of the Plan, the Court has reviewed and considered the *Certificate of Proponent of Plan* [ECF 161] and the *Confirmation Affidavit of Stan Jackowski* [ECF 160]. The Court has also noted the *Limited Objection* [ECF 154] filed by LPI/Key West Associates, Ltd. ("LPI") and the *Notice of Contingent Acceptance* [ECF 162] filed by Simmons

Bank ("Simmons"), and that both LPI and Simmons have accepted the Plan as modified herein, and that subsequently all impaired classes have accepted the Plan. The Court has also reviewed and considered the entire record in this Chapter 11 case, as well as proffers made by Debtor's counsel at the Hearing.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    The Plan was properly served upon all creditors and parties in interest pursuant to the Bankruptcy Rules and this Court's *Order Approving Disclosure Statement, Setting Hearing on Confirmation of Plan, Setting Hearing on Fee Applications, Setting Various Deadlines, and Describing Plan Proponent's Obligations* (the "Order Approving Disclosure Statement") [ECF 147];

B.    The provisions of Chapter 11 of the Bankruptcy Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law;

C.    Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and the Order Approving Disclosure Statement;

D.    With respect to each impaired class of claims or interests, each holder of a claim or interest has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the Effective Date[1] of the Plan, that is not less than the amount such holder would receive or retain if each of the Debtor's estates were liquidated under Chapter 7 of the Bankruptcy Code on such date;

E.    At least one class of claims impaired under the Plan has accepted the Plan, not

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them under the Plan and the Debtor's *Amended Disclosure Statement* [ECF 145]. The "Effective Date" was defined in the Plan to mean the fifteenth day following the Confirmation Date, and in the event that such date is not a Business Day, the next thereafter. "Business Day" was defined in the Plan to mean a day other than a Saturday, Sunday or legal holiday.

including the acceptance of the Plan by any insiders;

F. The Debtor has solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of Chapter 11 of the Bankruptcy Code;

G. The confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtor or any successor to the Reorganized Debtor under the Plan, unless such liquidation or further reorganization is proposed in the Plan;

H. The Debtor has met the burden of proving the elements of § 1129 of the Bankruptcy Code by a preponderance of evidence; and

I. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as amended.

THEREFORE, BASED UPON THE FOREGOING, IT IS ORDERED AND ADJUDGED AS FOLLOWS:

1. The Plan is CONFIRMED pursuant to 11 U.S.C. § 1129.

2. All of the terms and provisions of the Plan are approved, subject to any modifications listed in this Confirmation Order.

3. The provisions of the Plan and this Confirmation Order are binding on the Debtor, each creditor, and every other interested party.

4. As more fully described in paragraph 7 herein, the *Motion to Assume Franchise Agreement with DFO, LLC* [ECF 78] is GRANTED, as the relief sought therein is specified in the Plan.

5. As more fully described in paragraph 7 herein, the *Motion to Assume Unexpired Lease with LPI* [ECF 77] is GRANTED, as the relief sought therein, subject to the modifications

listed in this Order, paragraph 6, "Treatment of Class 2", is specified in the Plan.

6. The treatments of classified Claims and Equity Interests under the Plan are as follows:

**Administrative Expenses:**

McLane Foodservice Inc. has an allowed administrative claim in the amount of $21,346.37 pursuant to section 503(b)(9). This claim will be paid in full in 12 equal monthly installments of $1,778.87 commencing on the Initial Payment Date. Furr & Cohen, P.A.'s allowed administrative expense claim of $39,000.00 will be paid in 12 equal monthly installments of $3,250.00 commencing on the Initial Payment Date.

**Class 1 – Allowed Claim of Simmons Bank:**

(a) Description: Class 1 consists of the secured claim of Simmons Bank based on a General Security Agreement, dated January 2017, pursuant to which the Debtor and affiliate Du-Rite granted Simmons Bank a lien on all of it and Du-Rite's assets, including, among other things, accounts, chattel paper, investment property, deposit accounts, documents, goods, equipment, farm products, general intangibles, instruments, inventory, money, letter of credit rights, causes of actions and other personal property. The security interest was (and is) perfected by Simmons Bank's filing of a UCC-1 Financing Statement against the Debtor with the Florida Secured Transaction Registry on February 9, 2017 at document #201700252451. In addition, Stan and Barbara Jackowski provided personal guarantees and a second mortgage on their personal residence. Simmons Bank filed a proof of claim in the amount of $906,550.58 [POC 8-10].

(b) Treatment: Simmons Bank's claim will be treated as follows:

i. The claim amount will be reduced to $622,090 (the "Total Claim Amount").

ii. Simmons Bank will not have any other claim, including a Class 3 General Unsecured

        Claim. Absent a future Event of Default on the part of the Debtor (as articulated below in viii-x), the deficiency amount of $238,039 shall be waived, and Simmons will not be paid any distribution as to this amount.

iii. The Total Claim Amount will be paid over 15 years, fully amortized, at a fixed 7.25% rate, for monthly principal and interest payments of $5,679.00.

iv. Simmons shall retain all rights and remedies available to Simmons related to this claim, except as modified herein.

v. While SJKWD is in compliance with all terms of the original loan documents and the payment plan period of 15 years, neither Simmons nor SBA will enforce the personal guarantees of Stan and Barbara Jackowski, though those guarantees will remain in place in the event of default. Additionally, neither Simmons nor SBA will move to foreclose on the mortgage of Jackowskis' personal residence at 15 Bay Drive, Key West, FL, 33040 (the "Personal Residence") while the Reorganized Debtor is in full compliance of all terms of the Plan and the original loan documents, except as modified herein. Any lien(s) of Simmons on the Personal Residence will remain until completion of payments.

vi. Upon full repayment of the Total Claim Amount plus interest, there will be a full release between the parties, and Simmons will record a Satisfaction of Mortgage as to the Personal Residence.

vii. There will be no prepayment penalty in the event the Debtor pays all or a portion of the Total Claim Amount before the maturity date.

viii. Event of default. There shall be a 7-day grace period for all monthly payments. Simmons Bank shall provide notice of default sometime after the 7-day grace period

under this provision to Debtor's representative Stan Jackowski by either mail or email [15 Bay Drive, Key West, FL, 33040; stan849@aol.com]. If the total amount of the payment in default is not cured by the end of the 7th day subsequent to the notice of Debtor's default from Simmons Bank, said non-payment shall constitute a default.

ix. Default by the Debtor shall deem the agreed-upon Plan treatment null and void, and the Indebtedness owed to Simmons Bank shall be reinstated in full. In addition, any payments made during the Plan period will be reversed and reapplied under the original terms and balance of the loan at the beginning of the Plan.

x. In addition, Simmons Bank shall have, but is not limited to, the following as recourse in the event of default:

a) Simmons Bank shall be entitled to automatic stay relief in the event of a subsequent bankruptcy filing by SJKWD or its representatives, Stan and/or Barbara Jackowski (the "Jackowskis"), and the Jackowskis shall consent to stay relief;

b) Simmons Bank shall be entitled to pursue the entire deficiency against the Jackowskis, individually;

c) Simmons Bank shall retain its mortgage on the Jackowskis' homestead until the Plan payments are completed in full; and

d) The Jackowskis stated intent is to keep their homestead as their primary residence.

xi. Except as modified herein, the remaining terms of the prepetition loan documents will remain unchanged.

xii. The provisions contained herein shall apply to any entity that acquires the aforementioned loan as well as Simmons Bank's and SBA's successors or assigns.

(c) Impairment: The Class 1 Claim is Impaired, and the Allowed Class 1 Claimholder is

entitled to vote to accept or reject the Plan.

**Class 2 – Allowed Claim of LPI**

(a)    <u>Description:</u>  Class 2 consists of the Allowed Claim of landlord LPI based on a commercial lease agreement entered into with the Debtor for the restaurant location known as Denny's Restaurant located at 2710 N. Roosevelt Blvd., Key West, Florida 33040. The regular monthly lease payment is $19,219 and the remaining term on the lease is 19 years. Postpetition, since September 1, 2018, the Debtor has maintained the regular monthly payments to LPI according to the terms of the prepetition commercial lease agreement, with the exception of June and July 2018 rent.

There is a prepetition arrearage of $63,951.58. Postpetition, LPI received an insurance payout from a business interruption policy which provided for a credit of $8,537.00, reducing the arrearage to $55,414.68 (the "<u>Prepetition Arrearage</u>"). In addition, there is post-petition arrearage (for non-payment of June and July 2018 rent) in the total amount of $38,438.00 (the "<u>Post-Petition Arrearage</u>"). The total arrearage owed is therefore $93,852.68 (the "<u>Total Arrearage</u>").

(b)    <u>Treatment:</u>   The Debtor shall assume its commercial lease agreement with LPI. The Debtor shall maintain the regular monthly payments[2] (the "<u>Regular Monthly Payments</u>") to LPI according to the terms of the prepetition commercial lease agreement. In addition, the Total Arrearage will be paid as follows: $3,078.60 per month for 30.5 months, commencing on the Initial Payment Date. Therefore, the Reorganized Debtor will pay $21,947.08[3] for 30.5 months, after which the Regular Monthly Payments shall resume.

(c)    <u>Impairment:</u>  The Class 2 Claim is Impaired, and the Allowed Class 2 Claimholder

---

[2] The Regular Monthly Payments were $19,218.73 during the Bankruptcy Case but then were reduced to $18,868.48 commencing February 2019.
[3] See footnote 2.

is entitled to vote to accept or reject the Plan.

**Class 3 – Allowed General Unsecured Claims**

(a) <u>Description</u>: Class 3 consists of the Allowed Claims of the general unsecured creditors of the Debtor. As reflected in the list of general unsecured creditors attached as **Exhibit "A"** to the Disclosure Statement, the Debtor estimates the aggregate amount of Class 3 general unsecured claims totals $45,793.83.

(b) <u>Treatment</u>: Each holder of an Allowed Class 3 claim shall be paid in full. Payments will be made during Year 2 of the Plan, which will be months 13-24 following the Effective Date. Each claimant will share in a *pro rata* distribution of $3,816.15 per month. The Debtor may prepay any or all of the distributions described herein with no prepayment penalty. The contemplated distributions to the Class 3 Claimholders shall be in full satisfaction, settlement, release and discharge of their respective Allowed Class 3 Claims.

(c) <u>Impairment</u>: The Class 3 Claims are Impaired and any of the Allowed Class 3 Claimholders are entitled to vote to accept or reject the Plan.

**Class 4 – Allowed Equity Interests**:

(a) <u>Description</u>: Class 4 consists of the Equity Interests of the Debtor held by Stan Jackowski. All property of the Estate will re-vest in Reorganized Debtor SJKWD. Stan Jackowski shall retain all ownership interests in the Debtor.

(b) <u>Impairment</u>: Class 4 is Unimpaired and therefore is conclusively presumed to have accepted the Plan.

7. **Executory contracts and unexpired leases**. As per the Plan, Article VI, the Debtor is assuming the franchise agreement with DFO [Denny's] and is assuming the unexpired nonresidential real estate lease with LPI. To the extent applicable, any executory contract or

unexpired lease that was not assumed pursuant to a prior Order of the Court, or is not assumed pursuant to the Plan, is rejected.

> **ANY PROOF OF CLAIM FOR DAMAGES ARISING FROM THE REJECTION OF ANY EXECUTORY CONTRACT OR UNEXPIRED LEASE PURSUANT TO THE PLAN AND THIS ORDER MUST BE FILED WITH THE COURT WITHIN 30 DAYS OF THE ENTRY OF THIS ORDER.**

8. The failure to reference or address all or part of any particular provision of the Plan herein shall have no effect on the validity or binding effect of such provision. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

9. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior orders of the Court.

10. This Order shall constitute a modification of any applicable loan documents without the necessity for the execution of any modified loan documents.

11. The Debtor shall pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), within ten days of the entry of this Order for pre-confirmation periods. The Debtor shall further pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. §1930(a)(6), based upon all post-confirmation disbursements made by the Debtor until the earlier of (a) the administrative closing of the case; (b) the closing of this case by the issuance of a Final Decree by the Bankruptcy Court; or (c) upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code. After the Confirmation Date, the Debtor shall file a quarterly Post-Confirmation Operating Report which shall include, among other things, all payments made under the Plan and payments

made in the ordinary course of business. The Post-Confirmation Operating Report shall be filed quarterly until the Court enters a Final Decree, administratively closes the case, dismisses this case, or converts this case to another chapter in bankruptcy.

12. Stan Jackowski is named as the disbursing agent responsible for making the payments under the Plan (the "<u>Disbursing Agent</u>"); bond is waived. The payments shall be made as provided in Article III of the Plan.

13. The Reorganized Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the Effective Date, to the extent specified in Section 1141(d)(1)(A) of the Bankruptcy Code, except that the Reorganized Debtor will not be discharged of any debt: (i) imposed by the Plan; (ii) of a kind specified in Section 1141(d)(6)(A) of the Bankruptcy Code; or (iii) of a kind specified in Section 1141(d)(6)(B) of the Bankruptcy Code.

14. This Court shall retain jurisdiction to determine all disputes concerning the Debtor's implementation of the Plan and the terms of this Order.

15. The post-confirmation status conference will be held on **October 24 at 1:30 p.m.** at the United States Bankruptcy Court, C. Clyde Atkins United States Courthouse, 301 N. Miami Avenue, Courtroom 4, Miami, FL 33128.

###

Submitted by:
Aaron A. Wernick, Esq.
Furr & Cohen, P.A.
*Attorneys for the Debtor*
2255 Glades Road, Suite 301E
Boca Raton, FL 33431
(561) 395-0500
awernick@furrcohen.com

**Aaron A. Wernick, Esq. is directed to furnish a conformed copy of this order to all appropriate parties immediately upon receipt of same and file a certificate of service with the Court.**